# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUTNAM INVESTMENT, INC., | ) 1:12cv00862 AWI DLB |
| Plaintiff, | ) ORDER GRANTING |
| vs. | ) MOTION TO REMAND |
| R.E.F.S. INC., et al, | ) (Document 10) |
| Defendants. | ) |

On June 22, 2012, Defendant EH National Bank fka Excel National Bank filed the instant Motion to Remand.  Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument.

## BACKGROUND

Plaintiff Putnam Investment, Inc. ("Putnam"), filed this action on May 24, 2012, against Defendants EH National Bank fka Excel National Bank ("EH Bank") and R.E.F.S. Inc.[1]  The action involves a $1.7 million dollar construction loan obtained from EH Bank and alleges state and federal causes of action for fraud, unfair debt collection practices, wrongful foreclosure, predatory lending, unfair business practices, and various violations of the California Commercial Code and California Civil Code.  Putnam seeks monetary, declaratory relief and injunctive relief.

---

[1]  On June 20, 2012, R.E.F.S. Inc. filed a Declaration of Non-Monetary Status.

On May 25, 2012, Putnam filed a Notice of Removal, seeking to remove an action filed against it by EH Bank in Tulare County Superior Court **into this existing action**.  EH Bank filed an unlawful detainer action against Putnam in Tulare County Superior Court in February 2012.[2] EH Bank filed a First Amended Complaint in Tulare County on March 8, 2012, stating a single cause of action for unlawful detainer ("Unlawful Detainer Action").  The First Amended Complaint was served on Putnam on March 6, 2012.  Declaration of Reid H. Everett ("Reid Dec."), ¶ 3.  Putnam initially filed a demurrer, which the Tulare County Court found to be "totally without merit."  Exh. B., attached to Reid Dec.  EH Bank then filed a motion for summary judgment and the Superior Court issued a tentative ruling granting the motion on May 25, 2012.  Exh. C, attached to Reid Dec.

EH Bank filed this Motion to Remand the Unlawful Detainer Action on June 22, 2012.  Putnam opposed the Motion on July 13, 2012, and EH Bank filed its reply on July 20, 2012.

## DISCUSSION

A.   Legal Standard

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction.  See Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

B.   Analysis

1.   *Improper Consolidation*

The most obvious defect in Putnam's removal is its improper attempt to remove the action **into** the existing federal action.  Even assuming that this Court has jurisdiction over the

---

[2] EH National Bank fka Excel National Bank v. Putnam Investments, Inc., etc., Tulare County Superior Court Case Number 246017.

Unlawful Detainer Action, which it does not, the procedurally proper method would have been to remove the action and then move to consolidate it with, or relate it to, the federal action. Fed. R. Civ. Proc. 42. Putnam cannot unilaterally determine that an action should be consolidated with, or related to, another action.

Putnam's reliance on this Court's supplemental jurisdiction is misplaced. The Court cannot exercise supplemental jurisdiction over claims made in a separate complaint. Supplemental jurisdiction requires that the Court have original jurisdiction over the complaint in which the state law claim is pled. 28 U.S.C. § 1367(a). For the reasons discussed below, the Court does not have jurisdiction over the Unlawful Detainer Action and supplemental jurisdiction does not come into play.

2.      *Lack of Jurisdiction*

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S.Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. at 1273.

The Unlawful Detainer Action asserts only a cause of action for unlawful detainer. An unlawful detainer action arises under state law and does not involve any federal claims.

In its opposition, Putnam contends that federal question jurisdiction exists because EH Bank is covered by the National Banking Act. According to Putnam, "EH is a bank covered by the National Banking Act, thus deeming certain actions to arise under federal law." Opposition, at 3. Contrary to the assumption in Putnam's argument, the fact that a party may be subject to the National Banking Act does not transform a state claim into a federal claim. Federal jurisdiction exists only when a federal question is presented on the face of the complaint, and the Unlawful Detainer Action does not allege any violations of the National Banking Act. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, as noted above, defenses and

counterclaims asserting a federal question do not satisfy the "well-pleaded complaint rule."

For these reasons, the Court does not have jurisdiction over the Unlawful Detainer Action and it must be remanded.

## **ORDER**

EH Bank's Motion to Remand is GRANTED.  Tulare County Superior Court Case Number 246017, as referenced in the May 25, 2012, Notice of Removal, is REMANDED and is no longer part of this action.  The action filed in this Court on May 24, 2012, 1:12cv00862 AWI DLB shall remain open.

IT IS SO ORDERED.

Dated:   **August 9, 2012**                              /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE