IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUTNAM INVESTMENTS, INC., a California corporation, dba PORTER RD EXPRESS CAR WASH, CAL-WESTERN RECONVEYANCE<br><br>Plaintiff,<br><br>v.<br><br>EH NATIONAL BANK fka EXCEL NATIONAL BANK; R.E.F.S. INC., a California Corporation, and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>Defendants. | 1:12-cv-00862-AWI-DLB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc No. 14) |

**BACKGROUND**

Plaintiff Putnam Investments, Inc. ("Putnam") filed this action on May 24, 2012, against Defendants EH National Bank fka Excel National Bank ("EH Bank") and R.E.F.S. Inc. The action involves a $1.7 million dollar construction loan obtained from EH Bank and alleges state and federal causes of action for fraud, unfair debt collection practices, wrongful foreclosure, predatory lending, unfair business practices, and various violations of the California Commercial

Code and California Civil Code. Putnam seeks monetary damages, declaratory relief and injunctive relief. A separate state action was filed previously by EH Bank against Putnam in Tulare County Superior Court, for which Putnam filed a notice of removal on May 25, 2012. See Court's Docket, Doc. No. 7. EH Bank filed a motion to remand on June 22, 2012. Id., Doc. No. 10. On August 8, 2012, the Motion was granted. Id., Doc. No. 26.

In the instant motion,[1] Defendant EH Bank seeks to dismiss Putnam's Complaint in its entirety pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. EH Bank alleges Putnam failed to serve the Complaint in compliance with Rule 4(h) of the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

Under Rule 12(b)(5), the court can dismiss a complaint for failure to comply with the service requirements of Rule 4. See Townsel v. Contra Costa County, Cal., 820 F.2d 319, 320 (9th Cir.1987).

A plaintiff may be excused from failure to serve as required by Rule 4 for good cause shown. See Fed. R. Civ. P. 4(m). Dismissal is not required if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984).

---

[1] The motion was filed specially on behalf of EH Bank and does not constitute a general appearance by the Bank and/or a waiver of any defects in connection with service of process.

# FACTS[2]

On May 25, 2012, Reid H. Everett, attorney for EH Bank in a separate state action between the parties, received copies of Putnam's Complaint and Notice of Removal, but no Summons, via e-mail. On June 7, 2012, Putnam delivered a copy of the Summons and the Complaint to the receptionist's desk at Mr. Everett's office. Subsequently, Mr. Everett received a copy of the Summons, Complaint, and other case documents in the mail with a proof of service dated June 8, 2012. On June 22, 2012, Mr. Everett e-mailed Putnam's counsel informing her that he was not authorized to receive service on behalf of EH Bank. In this e-mail, he also offered to ask EH Bank if it would allow him to accept service if Putnam sent him a notice of receipt and acknowledgment in connection with the Complaint. Mr. Everett states that Putnam's counsel did not respond to this correspondence. Mr. Everett states that to his knowledge, EH Bank has not been served by Putnam with the Summons or Complaint as of June 28, 2012.

# DISCUSSION

EH Bank's primary ground for dismissal is that Putnam failed to serve EH Bank as required by Rule 4(h) which governs service on a corporation, partnership, or association.

## I.  Service On Corporations

Federal Rule of Civil Procedure 4(h)(1) provides in relevant part, that a corporation must be served either: (1) in the manner required by the law of the state in which the district court is located, Rule 4(h)(1)(A); or (2) by delivering a copy of the summons and complaint to an officer or "agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by mailing a copy to the defendant." Rule 4(h)(1)(B).

The state law that applies here is the California Code of Civil Procedure. As EH Bank

---

[2] As Putnam has not filed an opposition to this motion, the facts contained herein are as alleged by Reid H. Everett in the Declaration of Reid H. Everett in Support of Motion to Dismiss for Insufficient Service of Process. See Court's Docket, Doc. No. 16.

correctly points out, EH Bank, as a federally chartered bank, is considered a corporation for the purposes of California Code of Civil Procedure section 416.10. <u>See</u> <u>Grayson Services, Inc. V. Wells Fargo Bank</u>, 199 Cal.App.4th 563, 574 (2011); Cal. Code. Civ. Pro. § 416.10, Judicial Council Comment. According to California Code of Civil Procedure section 416.10, service is effectuated on a corporation by serving a copy of the complaint and summons to a person enumerated therein: the president; chief executive officer; or other head of the corporation; a vice president; a secretary or assistant secretary; a treasurer or assistant treasurer; a controller or chief financial officer; a general manager; or a person authorized by the corporation to receive service of process; and in the event the defendant is a bank, a cashier or assistant cashier. Cal. Civ. Proc. § 416.10(b)-(c). Additionally, any person designated by the corporation as its statutory agent for service[3] or the Secretary of State, if authorized by court order, is also eligible to accept service. Cal. Civ. Proc. § 416.10 (a); (d).

Putnam e-mailed a copy of the Complaint and Notice of Removal of the state action between the parties to Mr. Everett, personally delivered the a copy of the Summons and Complaint to Mr. Everett's receptionist's desk, and delivered by mail a copy of the Summons and Complaint to Mr. Everett's office. Mr. Everett states that to the best of his knowledge, no one from EH Bank authorized to accept service on its behalf has been served with the Summons and Complaint. <u>See</u> Court's Docket, Doc. No. 16 at ¶ 10. Further, Mr. Everett is a private attorney and not a regular employee of EH Bank, and as such, is not one of the enumerated employees or heads of the bank eligible to accept service on its behalf. <u>Id.</u> ¶¶ 1-2. The only way, therefore, that service can be deemed proper, under both Rules 4(h)(1)(A) and 4(h)(1)(B) is if Mr. Everett was either a designated agent to accept process on behalf of EH Bank or if he was authorized to accept service on behalf of EH Bank for this matter.

**II.    Attorney as Authorized Agent**

---

[3] A person can be designated as an agent for service of process in the corporation's Articles of Incorporation, Statement of Information, Certificate of Qualification, or Change of Process Agent form. Cal. Civ. Proc. § 416.10(a).

EH Bank argues that Mr. Everett has never been a designated agent of EH Bank who was authorized to accept service on its behalf, and therefore Putnam's attempt at service by the delivery of the Summons, Complaint, and other case documents to Mr. Everett's office and the subsequent mailing of the same does not constitute valid service. See Court's Docket, Doc. No. 15 at 4. EH Bank asserts that Putnam's "assumption that an attorney is automatically an authorized agent of the client for service of process is in error." Id. This assertion is correct. The Seventh Circuit Court of Appeals has held that an attorney in one civil action does not thereby become an agent for service in another separately filed civil action, even when the actions are between the same parties. See Schultz v. Schultz, 436 F.2d 635, 639 (7th Cir. 1971). See also Bennett v. Circus U.S.A., 108 F.R.D. 142, 146-147 (N.D. Ind. 1985); Gibbs v. Hawaiian Eugenia Corp., 581 F.Supp. 1269, 1271 (S.D.N.Y. 1984); United States v. Bosurgi, 343 F.Supp. 815, 817 (S.D.N.Y. 1972).

Mr. Everett states that he has never been authorized to accept service on behalf of EH Bank, generally or in relation to the instant action. See Court's Docket, Doc. No. 16 at ¶¶ 4-5. It appears no express authorization existed. Authorization of an attorney to accept service can be implied, but when determining that implied authorization exists, authorization must be "implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." United States v. Bosurgi, 343 F.Supp. 815, 818 (S.D.N.Y. 1972). Here, the mere fact that Mr. Everett is EH Bank's attorney for another action between the parties does not suggest that Mr. Everett had any implied authority to accept service in this action.

The court concludes that no express or implied authority existed for Mr. Everett to accept service on behalf of EH Bank.

**III.   Plaintiff's Burden of Proof**

As EH Bank correctly points out, when a defendant challenges validity of service of process, the plaintiff bears the burden of proof of establishing validity of service. See Hope v.

Otis Elevator Co., 389 F.Supp.2d 1235, 1242 (E.D. Cal. 2005); Hickory Travel Sys, Inc. v. TUI AG, 213 F.R.D. 547, 551-552 (N.D. Cal. 2003). Because Putnam did not file an opposition to EH Bank's motion, Putnam by default is unable to meet this burden of proof.

### IV.  Exception for Showing of Good Cause

As mentioned above, an exception can be made for insufficient service if good cause is shown. However, again, because no opposition was filed by Putnam, and neither this exception nor any facts to show good cause were raised, this court cannot apply the exception here. Furthermore, the fact that Mr. Everett did attempt to communicate with Putnam regarding the insufficient service and attempted to remedy the defect to no response from Putnam indicates further that this exception should not apply. Finally, there is no evidence that EH Bank personally received actual notice.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint is DISMISSED as to EH Bank, for insufficiency of service, without prejudice.

IT IS SO ORDERED.

Dated:  September 25, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE